Smith, J.
This was an action to foreclose a mortgage. The defense interposed was, that the mortgage was void for usury. The appellant alleged, and on the trial endeavored to prove, that the mortgagee, being in want of money, applied to the defendant O’Neill, to assist her in procuring a loan upon the security of the mortgaged premises, which she then owned; that under O’Neill’s advice she conveyed the premises to him, and took from him his bond and mortgage to her (being the mortgage in suit), conditioned to pay $3,000 and interest, which, as soon as executed, she sold and assigned to the plaintiff for $3,600 ; that O’Neill then reconveyed the premises to her, and that the deed to O’Neill, and the bond and mortgage from him, were both without consideration, and were made for the sole purpose of obtaining a loan of money from the plaintiff at a usurious rate of interest, by the sale of the bond and mortgage to him, which was known to him when he purchased them and took the assignment. The appellant, who holds a part of the mortgaged premises by grant from the mortgagee, offered to prove the foregoing allegations, by showing what O’Neill and the mortgagee said and did, when the deed to him and the *353 bond and mortgage were executed; and that they had no other inception or consideration than is above stated. But the evidence was objected to, on the ground that what took place, and whatever agreement was made between the mortgagee and O’Neill previous to the execution of the deed, bond and mortgage, was merged in those instruments, and the evidence was therefore inadmissible; and that the deed, bond and mortgage showing upon their face a good consideration, were conclusive evidence of such consideration, and could not be impeached or attacked by parol evidence. Upon these objections, the appellant’s evidence was excluded, and it is now insisted that the objections were valid, and that there was no error in excluding the evidence offered.
It is the established rule that parol evidence shall not be received to contradict, or vary the terms, of a valid written instrument. But the rule is not infringed by the admission of parol evidence showing that the instrument is altogether void, or that it never had any legal existence or binding force, either by reason of fraud, or for want of consideration, or of due execution and delivery, or for the illegality of the subject-matter ; or that it was made for the furtherance óf objects forbidden by law, whether it be by statute, or by an express rule of the common law, or by the general policy of the law. And this qualification of the rule applies to all contracts, whether under seal or not. Any other doctrine would make it easy to nullify or avoid every law, statutory or otherwise, which makes a contract unlawful or invalid. It would only be necessary to go through the form of executing a contract valid on its face, with writing and a seal, if these were conclusive. The rule would then operate, not for the furtherance of justice, but as a shield to cover frauds and wrongs (Mechanics’ Bank v. New York & New Haven R. R. Co., 13 N. Y. 599, 638; Clark v. Sisson, *354 22 Id. 312 ; 1 Greenl. Ho. § 284). But it hardly needs the citation of authority to establish so obvious a principle. It is the valid contract which is protected by the rule in respect to parol evidence, not that which is illegal and void. And justice can discern, through all the masks of form, the real features of the contract.
The appellant should have been allowed to prove what took place between O’Neill and the mortgagee, in respect to the deed to him, and the bond and mortgage, when their execution was planned and immediately before they were made. Their declarations and acts then were a part of the res gestee in the making of the contract. They explain the true character and purpose of the written instruments, and unfold the nature and design of the transaction in which the parties were engaged. Such acts and declarations, contemporaneous with the main facts which the instruments were intended to evidence, and so connected with them as necessarily to illustrate their true character, are always competent proofs in such cases, and their exclusion in this case was error.
The plaintiff indeed claims that the defendant is estopped from setting up the invalidity of the mortgage, by the guaranty of its payment contained in the assignment thereof to the • plaintiff by the defendant’s grantor ; that the guaranty was in legal effect a warranty that the bond and mortgage were valid and free from any impeachment or defense. This may be conceded, with this qualification—that the assignment can have no such legal effect, if the plaintiff took it rvith the knowledge of the truth of the facts claimed to exist, which made the mortgage usurious in its inception and void. An estoppel is created, when a party causes .another to believe the existence of the facts to which the estoppel relates, and the other acts upon such belief. If the assignee of a mortgage sets up an estoppel .against the mortgagor, based on the warranty or assur *355 anee of the validity of the security by the mortgagor, the latter may show that the assignee could not have believed or acted upon such warranty or assurance, because he well knew that the mortgage was void.
In this case the appellant was debarred from proving the usury alleged; and she certainly could not prove that the plaintiff knew of its existence, until she had proved that it did exist. The proper and regular order of proof was, first, to prove the usury, and then that it was known to the plaintiff. Indeed, the appellant offered, in effect, to show that the plaintiff must have had some connection with the alleged illegal agreement between O’Neill and the mortgagee, and must have been informed of it, but the offer was excluded. It is true the case is somewhat obscure in its statement of the offer made by the appellant’s counsel, and the defense would seem not to have been conducted in a very scientific manner ; but we think the purport and intent of the offer, as we have stated it, may fairly be inferred from the case. It is not important, however, for the erroneous application on the trial of the rule which we have considered in respect to parol evidence, renders it proper to grant a new trial.
The judgment must be reversed and a new trial granted, costs to abide the event.